# EXHIBIT A
Civil Action No. 1:21-cv-2084

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x

UNITED STATES OF AMERICA

     - v. -

MICHAEL ACKERMAN,

           Defendant.

---------------------------------- x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
<u>MONEY JUDGMENT</u>

20 Cr. 93 (LTS)

         WHEREAS, on or about February 3, 2020, MICHAEL ACKERMAN (the "Defendant"), was charged in a two-count Indictment, 20 Cr. 93 (LTS) (the "Indictment"), with wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Count One); and money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) (Count Two);

         WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment, and the following property:

         i.     29 Kimrey Ln, Highway 12 East, Harlowton, Montana, 59085, Legal Description S24, T08 N, R13 E, Tract 3 of COS #104358 containing 154.91 acres (the "Montana Property");

         ii.     1116 Miramar Drive, Delray Beach, Florida, 33483, Legal Description, The Williamson-Deibel Sub W 15 FT OF LT 5, LTS 6, 7 & E 32.5 FT OF LT 8 (the "Florida Property");

         iii.     3300 Wooster Road, Rocky River, Ohio, 44116, Legal Description SEC 14 SEC 17 30429047 (the "Rocky River Property");

    iv.    3875 E Lake Road, Sheffield, Ohio, 44054, Parcel Number 0300043101009 (the "Sheffield Property"); and

    v.    2281 St. Marks Road, Valley City, Ohio, 44280, Legal Description: TR 1, LOT 21, W MID PT 5.500A (the "Valley City Property");

WHEREAS, in or about January and February 2020, the Government seized the following property pursuant to a seizure and/or search warrant:

(a) All monies and funds contained in Coinbase account 59D73BA299672503D3A27FA9, held in the name of "Michael Ackerman," seized pursuant to seizure warrant 20 Mag. 555, signed by the Honorable Katharine H. Parker, United States Magistrate Judge for the Southern District of New York, on January 15, 2020 (the Coinbase Account");

(b) All monies and funds contained in BitFinex account CRYPTO7Q (ID: 879959), with the registered email address of crypto7q@gmail.com, seized pursuant to seizure warrant 20 Mag. 869, signed by the Honorable Gabriel W. Gorenstein, United States Magistrate Judge for the Southern District of New York, on January 24, 2020 (the "BitFinex Account");

(c) All monies and funds contained in Signature Bank Suspense Account 276000004, held for the benefit of Q3 I, LP, ("Q3 I") representing monies and funds formerly on deposit in a Signature Bank Account in the name of Q3 I, LP, seized pursuant to seizure warrant 20 Mag. 995, signed by the Honorable James L. Cott, United States Magistrate Judge for the Southern District of New York, on or about January 28, 2020 (the "Q3 I Account");

(d) All monies and funds contained in Signature Bank Suspense Account 276000004, held for the benefit of Q3 Holdings, LLC, ("Q3 Holdings") representing monies and funds formerly on deposit in a Signature Bank Account in the name of Q3 Holdings, LLC, seized pursuant to seizure warrant 20 Mag. 995, signed by the Honorable James L. Cott, United States Magistrate Judge for the Southern District of New York, on or about January 28, 2020 (the "Q3 Holdings Account");

(e) $90,000.00 in United States currency, seized on February 11, 2020 in connection with the search of 3875 East Lake Road, Sheffield Lake, Ohio pursuant to search warrant 1:20 MG 9013, signed by the United States Magistrate Judge William H. Baughman for the Northern District of Ohio (the "Seized Currency");

(f) 2018 Ruby Red Ford Edge Titanium AWD bearing VIN Number 2FMPK4K96JBB78780, seized on February 11, 2020 in connection with the search of 3875 East Lake Road, Sheffield Lake, Ohio pursuant to search warrant 1:20 MG 9013, signed by the United States Magistrate Judge William H. Baughman for the Northern District of Ohio (the "Seized Vehicle"); and

(g) Tiffany & Co 1.87ct Diamond Ring with Platinum Bow Style Band, seized on February 11, 2020 in connection with the search of 3875 East Lake Road, Sheffield Lake, Ohio pursuant to search warrant 1:20 MG 9013, signed by the United States Magistrate Judge William H. Baughman for the Northern District of Ohio (the "Seized Jewelry");

((a) through (g) the "Seized Property");

WHEREAS, the following property was obtained by the Government from two individuals ("Individual-1" and "Individual-2"), which represent proceeds traceable to the commission of the offense charged in Count One of the Indictment:

(h) BB&T Check No. 1002670349 in the amount of $306,000.00 in United States currency, obtained on or about February 20, 2020, representing a refund of an investment that Individual-1 made in a third-party company;

(i) BB&T Check No. 1002639864 in the amount of $19,850.00 in United States currency, obtained on or about February 6, 2020, representing the proceeds of the sale of two watches purchased by Individual-1;

(j) BB&T Check No. 1002594586 in the amount of $12,948.34 in United States currency, obtained on or about January 20, 2020, representing funds previously possessed by Individual-1;

(k) BB&T Check No. 1002945416 in the amount of $6,215.46 in United States Currency, obtained on or about July 6, 2020, representing the proceeds of an insurance payment on a Bentley purchased by Individual-1;

(l) Bank of America Check No. 1666407300 in the amount of $2,088,924.87 in United States Currency, obtained on or about on or about April 16, 2020, representing funds formerly on deposit in a Bank of America account in the name of Individual-2;

(m) Bank of America check No. 1666408385 in the amount of $185,000, obtained on or about September 2, 2020, representing proceeds from the sale of gold bars and an Audi lease purchased by Individual-2;

(n) BB&T Check No. 1002945398 in the amount of $273,269.23 in United States Currency, obtained on or about July 6, 2020, representing net proceeds from the sale of 1992 Carolina Circle NE, St. Petersburg, FL 33703;

(o) Valley National Bank Check No. 73910 in the amount of $3,456,947.09 in United States Currency, obtained on or about April 5, 2021, representing net proceeds from the sale of the Florida Property;

((h) through (o), the "Subject Funds");

WHEREAS, on or about July 29, 2021, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit, to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): (i) a sum of money equal to $36,268,515 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment; and (ii) all right, title and interest of the Defendant in: the Seized Property, the Subject Funds, and the following specific property:

(p) The Montana Property;

(q) The Rocky River Property;

(r) The Sheffield Property;

(s) The Valley City Property;

(t) a 2018 GMC Terrain, VIN 3GKALMEV3JL386185;

(u) a 2019 GMC Acadia, VIN 1GKKNULSXKZ255126;

(v) a 2019 GMC Sierra Limited 1500, VIN 2GTV2LEC9K1101291;

(w) a 2020 GMC Terrain, VIN 3GKALTEVXLL159766;

(x)  Tiffany & Co. 2.45ct Platinum Square Cushion Diamond Ring, purchased for $67,500 in United States Currency on April 23, 2018;

(y)  Tiffany & Co. Tiffany Platinum Soleste Diamond V HC Ring, purchased for $2,430 in United States Currency on April 23, 2018;

(z)  Tiffany & Co. Tiffany Platinum Soleste Diamond V HC Ring, purchased for $2,430 in United States Currency on April 23, 2018;

(aa) Tiffany & Co. Return to Tiffany Love Round Sunglasses, purchased for $334.80 in United States Currency on April 23, 2018;

(bb) Tiffany & Co. Return to Tiffany Love Lock Necklace, purchased for $718.20 in United States Currency on May 9, 2018;

(cc) Tiffany & Co. Return to Tiffany Love Lock Bracelet, purchased for $556.20 in United States Currency on May 9, 2018;

(dd) Tiffany & Co. Tiffany Keys Modern Keys Round Key Pendant, purchased for $1,566.00 in United States Currency on July 30, 2018;

(ee) Tiffany & Co. Tiffany Hardware Wrap Necklace, purchased for $2,106.00 in United States Currency on July 30, 2018;

(ff) Tiffany & Co. Tiffany x GLOBE-TROTTER 20" Trolley, purchased for $2,268.00 in United States Currency on July 30, 2018;

(gg) Tiffany & Co. Tiffany x GLOBE-TROTTER 18" Trolley, purchased for $1,944.00 in United States Currency on April 28, 2018;

(hh) Tiffany & Co. Tiffany x GLOBE-TROTTER 30" Trolley, purchased for $2,916.00 in United States Currency on April 28, 2018;

(ii) Tiffany & Co. Tiffany x GLOBE-TROTTER 26" Trolley, purchased for $2,808.00 in United States Currency on April 28, 2018;

(jj) Tiffany & Co. Tiffany CT60 3-Hand 34 MM Watch, purchased for $9,936.00 in United States Currency on August 3, 2018;

(kk) Tiffany & Co. Tiffany x GLOBE-TROTTER 13" Vanity Case, purchased for $1,296.00 in United States Currency on August 28, 2018;

(ll) Tiffany & Co. Diamond Point Cat Eye Sunglasses, purchased for $389.40 in United States Currency on August 28, 2018;

(mm) Tiffany & Co. Luggage Tags (x4), purchased for $756.00 in United States Currency on September 12, 2018;

(nn) Tiffany & Co. Tiffany x GLOBE-TROTTER 9" Jewelry Case, purchased for $1620.00 in United States Currency on December 23, 2018;

(oo) Tiffany & Co. 1.69ct Platinum Ribbon Bow Diamond Ring, purchased for $46,872.00 in United States Currency on December 23, 2018; and

(pp) Tiffany & Co. 2.58ct Tiffany Soleste Cushion-Cut Double Halo Engagement Ring with a Diamond Platinum Band, purchased for $73,440.00 in United States Currency on May 13, 2019;

((p) through (pp), collectively, with the Seized Property and the Subject Funds, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $36,268,515 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in Specific Property, which constitute proceeds traceable to the offense charged in Count One of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now

entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorneys, JESSICA GREENWOOD and SHEB SWETT of counsel, and the Defendant, and his counsel, JONATHAN MARVINNY, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $36,268,515 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, MICHAEL ACKERMAN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn:

Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By:     _/s/ Jessica Greenwood_                          7/22/2021
        JESSICA GREENWOOD/ SHEB SWETT       DATE
        Assistant United States Attorney
        One St. Andrew's Plaza
        New York, NY 10007
        (212)637-1090 /6522

MICHAEL ACKERMAN

By:     /s/ Michael Ackerman                            7/22/21
        MICHAEL ACKERMAN                            DATE

By:     [signature redacted]                                7/22/21
        JONATHAN MARVINNY, ESQ.             DATE
        Attorney for Defendant
        Federal Defenders of New York
        52 Duane Street, 10th Floor
        New York, NY 10007

SO ORDERED:

/s/ Laura Taylor Swain                                   9/8/2021
HONORABLE LAURA TAYLOR SWAIN       DATE
UNITED STATES DISTRICT JUDGE