# EXHIBIT B
Civil Action No. 1:21-cv-2084

Timothy J. Dey, Esq. Attorney **ID No.: 02698-1999**
222 Route 18 North
East Brunswick, New Jersey 08816
(732) 828-6600
(732) 828-6604 fax
Attorney for Plaintiff


FILED
SEP 30 2016
HANY A. MAWLA
JUDGES CHAMBERS
SOMERSET COUNTY COURT HOUSE

| | |
|---|---|
| MICHELE L. ACKERMAN, | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION – FAMILY PART<br>SOMERSET COUNTY |
| Plaintiff, | |
| v. | DOCKET NO.: FM-18-704-15 |
| MICHAEL W. ACKERMAN, | CIVIL ACTION *AMENDED*<br>FINAL JUDGMENT OF DIVORCE WITH<br>MARITAL SETTLEMENT AGREEMENT<br>ATTACHED |
| Defendant. | |

**THIS MATTER** coming to be heard on June 13th 2016 in the presence of Timothy J. Dey, Esq., attorney for Plaintiff Michele L. Ackerman, and Gary A. Blaustein, Esq. attorney for the Defendant Michael W. Ackerman, and the Court having considered the Complaint for Divorce; and,

**IT APPEARING** that the parties were legally married on April 22, 1995 in a religious ceremony in in Brooklyn, New York; and,

**IT FURTHER APPEARING** that Plaintiff has pled and proven a cause of action for divorce based on the statute and such case made as set forth in the Complaint; and,

**IT FURTHER APPEARING** that there have been no previous proceedings between the parties; and,

**IT FURTHER APPEARING** that the Plaintiff and Defendant have been bona fide residents of the State of New Jersey, and have been such bona fide residents for more than one year next preceding the commencement of this action, and that jurisdiction having been properly acquired pursuant to the procedural rules of the State of New Jersey; and

**IT FURTHER APPEARING** that good cause has been shown granting Plaintiff a Final Judgment of Divorce against Defendant; and,



THEREUPON, IT IS on this 30th day of Sept, 2016, by the Superior Court of New Jersey, Chancery Division, **ORDERED AND ADJUDGED** that by virtue of the power and authority vested in this Court and the acts of the legislature in such case made and provided does hereby **ORDER AND ADJUDGE** that the Plaintiff Michele L. Ackerman, and the Defendant Michael W. Ackerman be divorce from the bonds of matrimony for the cause stated in the Complaint, the parties are hereby released from the obligations thereof; and,

**IT IS FURTHER ORDERED** that the parties' "Property Settlement Agreement" stated on the record on June 13th 2016 and attached hereto is incorporated into the Judgment of Divorce and shall not merge but shall survive this Judgment of Divorce and the parties are hereby directed to comply with the terms of the Agreement, with the understanding that the court took no testimony as to the merits of the Agreement but finds that the parties entered into it freely and voluntarily, and that it is therefore binding and enforceable; and,

**IT IS FURTHER ORDERED,** that the Plaintiff, whose social security number is xxx-xx-6949, and whose date of birth is March 30, 1971, shall be entitled to resume her premarital name Michelle L. Roiland. Plaintiff certified on the record that she is not resuming her premarital name to escape criminal or civil prosecution; and,



~~Hon. Bradford M. Bury, J.S.C.~~
Hany A. Mawla, P.J.F.P.

I hereby certify this to be
A true and correct copy.

_____
Acting Deputy Clerk, Superior Court

# PROPERTY SETTLEMENT AGREEMENT

**THIS AGREEMENT** entered into between **Michele Ackerman**, ("Wife") residing at 85 Woodward Lane, Basking Ridge, N.J. 07920, hereinafter referred to as the Wife, and **Michael Ackerman**, ("Husband") residing 75 Hillside Avenue, Bedminster, N.J. 07921, hereinafter referred to as the Husband.

**WHEREAS**, the parties were married on April 22, 1995, in a religious ceremony in Brooklyn, New York; and,

**WHEREAS**, the parties desire to amicably settle and resolve any and all questions regarding alimony, equitable distribution of the assets of the marriage, attorney fees, as well as any and all rights and obligations of any nature and description whatsoever arising out of the marriage relationship, and to memorialize now and forever the verbal record made on June 13th 2016 before the Hon. Bradford M. Bury, J.S.C.; and,

**WHEREAS**, there are three children born of this marriage: Meagan L. Ackerman (D.O.B. 12.20.1997); Marissa M. Ackerman (D.O.B. 03.06.2000); and Michael R. Ackerman (D.O.B. 10.30.2003).

**WHEREAS**, as a result of unfortunate and apparently irreconcilable differences which have arisen as more fully set out by complaint under **Docket No.: FM-18-704-15** the parties wish to live separate and apart; and

WHEREAS, the parties fully understand the terms, conditions and provisions of this Agreement and believe the same to be fair, just, adequate and reasonable and, accordingly, both the Husband and Wife, after mature consideration, freely and voluntarily and without coercion, duress or undue influence, accept such terms, conditions, and provisions;

NOW THEREFORE, in consideration of the covenants and undertakings set forth herein, the parties covenant and agree as follows:

## 1. CHILD SUPPORT:

a. Effective upon of execution of this agreement Husband shall begin paying to Wife child support in the monthly amount of NO LESS THAN $650.00 on the first of each month. Child support (like alimony) is to be paid through the Probation Department. This floor will be unaffected by the emancipation of any of the children; child support will only end when all three children are emancipated. Child support may increase however when there is an appropriate change of circumstances as per state law.

b. Each party will maintain a life insurance policy of no less than $300,000.00 naming the unemancipated children as co-beneficiaries and naming the other party as trustee. These policies will remain at $300,000.00 until all three children are emancipated.

The beneficiary designation on the policy of the insurance required to be maintained by Husband pursuant to this Agreement shall read: Wife, trustee for the benefit of the children under the terms of a Trust Agreement contained in a Matrimonial Settlement Agreement dated August ____, 2016.

The beneficiary designation on the policy of the insurance required to be maintained by Wife pursuant to this Agreement shall read: Husband, trustee for the benefit of the children under the terms of a Trust Agreement contained in a Matrimonial Settlement Agreement dated August ____, 2016.

   c.   The parties will contribute to the cost of the children's extra-curricular activities as follows: FIFTY-SEVEN PERCENT (57%) to be paid by the husband and FORTY-THREE PERCENT (43%) to be paid by the wife. The Order dated May 27th 2016 (heard on May 20th 2016) remains in full force and effect, particularly herein with extra-curricular activities. The Husband has thirty (30) days from June 13th 2016 to pay such costs already incurred by the Wife.

   d.   The parties will share the costs of college as follows, after all scholarships, grants, awards, and other reductions have been factored into the cost: each child will pay one-third (1/3 or 33.33%) of his / her own college costs; the parties are to pay the remaining two-thirds (2/3 or 66.66%). This two-thirds however is to be paid 57% by husband and 43% by wife. The resulting percentages therefore are 33.33% for the attending child, 38% for the husband (66.66% x .57) and 28.66% for the wife (66.66% x .43).

2. **PARENTING TIME:**

   a.   The parties shall share joint legal and physical custody. Wife shall be parent of primary residency ("PPR"). Husband, parent of alternate residence ("PAR"), shall have reasonable and flexible parenting time as agreed to by both parties.

   b.   It is understood that due to the Husband's choice to reside in

Ohio and also due to the children's ages a fixed parenting time schedule is not possible for this PAR. The Father will not exercise overnight parenting time unless agreed to by the child or children.

    c. The parties agree that they will be able to amicably share holidays with the children by advance arrangement between the parties and children. Parties agree that neither will unreasonably withhold access nor make unreasonable demands of the other or the children in so doing.

    d. Either party may have up to two consecutive weeks' summer vacation with the children. As with any holidays parties agree that neither will unreasonably withhold access nor make unreasonable demands of the other or the children in so doing. The parties further agree that they will provide the other with no less than thirty (30) days' notice, the itinerary and address of where they will be at all times during vacation.

    e. The parties hereby agree that neither will disparage either in front of the children. The parties will do nothing or say anything that could lower the other in the eyes of the children or serve to alienate the children from the other parent.

    f. The parties agree that they will not knowingly expose the children to anyone with a drug or alcohol problem past or present; nor will they expose them to anyone who is a criminal or with a criminal history, probationer, or parolee.

## 3. ALIMONY:

Each party agrees understands the holdings in <u>Lepis vs. Lepis</u>, 83 N.J. 139 (1980) and <u>Crews v. Crews</u>, 164 N.J. 11 (2000) with regard to any change of

circumstances. The parties have specifically negotiated alimony to run for nineteen (19) years from the date of this agreement. This will be deemed "limited term" alimony as the parties' marriage was just short of twenty years in length. Husband stipulates that he will be able to maintain the alimony amounts under any and all circumstances, and that this agreement was and is conditioned thereon.

    a.    Husband will pay Wife $650.00 per month until all three (3) children are emancipated. After all three children are emancipated alimony will be $1,300.00 per month. Alimony will be tax-free to the Wife; Husband will therefore not be able to write off any amounts paid to Wife as alimony.

    b.    All alimony will be paid through Probation. Until Probation has set up the account Husband will make payments directly to Wife by sending payment to Wife, or Wife's counsel.

    c.    Husband will maintain life insurance coverage in an amount no less than $300,000, naming Wife as beneficiary, to secure the balance of any unpaid spousal support obligation. Husband has the option of reducing the amount of coverage by no more than $15,000.00 annually.

    d.    Alimony will terminate upon either the remarriage of Wife or death of either party, or cohabitation as per New Jersey law.

## 4. TAX EXEMPTION:

The Wife as parent of primary residence will claim two children on her annual tax returns and Husband one until such time as the first child is emancipated. At that time the parties will each claim one child as an exemption. When there is only one child left unemancipated the parties will

alternate claiming that child; beginning with Wife claiming the child the first year of this occurrence.

It is further understood that to ensure receiving the full benefit of each tax exemption the party so claiming any child on his / her taxes will be required to have at least $25,000.00 in actual (not imputed) annual income.

## 5. HEALTH INSURANCE:

Wife shall pay the first $250.00 of unreimbursed medical bills of the children, thereafter the parties agree to split the cost of health insurance and any unreimbursed medical bills as 57% Husband and 43% Wife. Wife has currently procured health insurance on behalf of the parties for the children through N.J. KidsCare.

## 6. EQUITABLE DISTRIBUTION:

### (a) Automobiles:

Wife currently has no vehicle titled solely in her name. Wife has been using a 2013 Kia Optima while Husband has been using the 2012 Kia Sorento. The parties agree that the Husband shall add Wife's name to the Kia Optima and remove his name from the title of the Kia Optima when that loan is paid off; leaving it solely in Wife's name at that time.

### (b) Marital Debt:

The parties represent there is no existing debt; the parties shall indemnify and hold each other harmless as to any future debts in each other's name.

(c) **Bank Accounts:**

Each party shall keep any and all savings and/or checking accounts in their own name. The parties further agree by signing this agreement that they have closed any joint accounts and divided the proceeds to their satisfaction. Any property and or bank accounts in the children's name shall remain that way.

(d) **Marital Home:**

The parties own no real estate.

(e) **Furniture / Personalty:**

The parties agree that they have divided all personalty, including but not limited to household effects from the former marital home.

(f) **Miscellaneous:**

The parties represent that there is no other property to be equitably divided. By signing this agreement both party acknowledge under the punishments for fraud and perjury that neither has any other realty or personalty of any type including but not limited to retirement vehicles of any type, no monies / awards payable as the result of any litigation, no businesses or proceeds therefrom in whatever form paid or payable in the future.

7. **PENSION / RETIREMENT PLANS:**

The Husband represents that he has no pension, 401K, IRA, nor any other retirement vehicle of any type from any source (self, employer, etc.) including but not limited to his prior employer UBS. The Wife represents that she has no pension, 401K, IRA, nor any other retirement vehicle of any type from any source. Husband and Wife both recognize that by signing this

agreement that he/she is subject to civil and criminal penalties for any knowing misrepresentations.

## 8. COUNSEL FEES:

The parties will be responsible for his / her own counsel fees incurred in the within divorce proceeding.

## 9. NO WAIVER:

In the event that either party defaults with respect to this or any other payment or obligation prescribed in this settlement agreement, and such default is not remedied within reasonable time of written demand for cure, the defaulting party agrees to reimburse the other party for any and all reasonable costs and expenses incurred to remedy same, including reasonable attorney fees made necessary by default and / or failure to cure. Payment of reasonable costs, expenses, and attorney fees, are predicated upon a decision in favor of the non-defaulting party.

## 10. RELEASES:

Subject to the provisions of this Agreement, each party hereby releases and discharges the other and their respective heirs and assigns from all causes of action, claims, rights or demands whatsoever in law and equity which either of the parties each had or now has, with the exception of any cause or causes of action for divorce or for the enforcement of the terms of this Agreement. Each of the parties shall, from time to time, at the request of the other, execute, acknowledge and deliver to the other party any and all further

instruments that may be reasonably required to give full force and effect to this Agreement.

## 11. SUBSEQUENT DIVORCES:

Nothing herein contained shall prevent either the Husband or the Wife from maintaining an action for absolute divorce in any jurisdiction in which either one of them may have the legal right and desire to do so and this Agreement may be introduced in evidence and incorporated in any Judgment that may be entered in any such action in any event, this Agreement shall not merge in such judgment but shall survive such judgment.

## 12. DOWER AND COURTESY:

Except as herein otherwise provided, each party may dispose of his or her property in any way and each party hereby waives and relinquishes any and all right he or she may now have or hereafter acquire under the present or future laws of any jurisdiction, as a surviving spouse under the statutes now or hereafter in effect in any jurisdiction in the property and estate of the other, including, but not limited to, a distributive share in the event of intestacy, the right of election to take against any last will and testament of the other, the right of election to take against testamentary substitutes, homestead rights, the right to act as administrator or executor or other fiduciary, courtesy, dower, widow's allowance, elective share, equitable distribution, and community property.

The parties do further waive, relinquish, and release any and all rights which they may acquire by reason of their marriage in any property owned by the other upon the other's death, including, but not limited to, dower,

courtesy, homestead rights, equitable distribution, and community property. The parties do further mutually agree to refrain from any action or proceeding which may tend to void or nullify to any extent, or in any particular, the terms of any last will and testament, or of any trust or testamentary substitute created by the other, and the parties further agree not to contest or oppose the probate of any last will and testament executed by the other.

### 13. ENTIRE AGREEMENT:

This Agreement contains the entire understanding of the parties and there are no representations, warranties, covenants or undertakings other than those expressly set forth herein.

### 14. MODIFICATION OR WAIVER:

A modification or waiver of this Agreement, or any provisions herein shall be effective only if made in writing and executed with the same formality as this Agreement. The failure of either party to insist upon strict performance of any of the provisions of this Agreement shall not be construed as a waiver of any subsequent default of the same or similar nature as per Paragraph Nine.

### 15. DISPUTES:

In the event of any dispute arising out of this Agreement or the performance thereof, the Husband and Wife agree that all attempts should be made between them to resolve said disputes by mutual consent before using the courts for any determination.

## 16. SITUS:

All matters pertaining to the validity, construction and effect of this Agreement shall be governed under the laws of the State of New Jersey.

## 17. DISCLOSURE AND DISCOVERY:

The parties understand and acknowledge that they were advised of their right to pursue formal discovery as to the income and assets of each other, that they are entitled to full and complete disclosure of such information. The parties acknowledge and represent that they are satisfied that this agreement represents a fair and equitable distribution thereof. The parties swear and aver that this Agreement, therefore, constitutes a full and complete description of any and all assets known to the parties at the time of its negotiation and execution, as well constitutes a fair and satisfactory distribution of the assets and liabilities of the parties. It is further agreed and understood that any assets that have not been made known to the other party, whether purposely or not, remain subject to equitable distribution, and that intentionally misrepresenting ones' assets may further expose that party to criminal as well as civil remedies including additional attorney's fees.

## 18. WAIVER OF CLAIM:

Each party represents the warrants to the other that he / she will not incur any debts or obligations for which the other party or the other party's estate may be liable. He / she shall solely be responsible for such debts and if the other party is called upon to make any payment or contribution towards the same, the responsible party shall indemnify and hold the other party

harmless from any obligation thereon. Except as otherwise herein expressly provided, the parties shall and do hereby mutually remise, release and forever discharge each other from any and all suits, actions, debts, claims, demands and obligations whatsoever, both in law and in equity, that either of them ever had, now has, or may hereafter have against the other upon or by reason or any matter, cause or thing up to the date of the execution of this agreement. Except as herein otherwise provided, each party may dispose of his or her property in any way, and each party hereby waives and relinquishes any and all rights he or she may have or hereafter acquire under the present or future laws of any jurisdiction, to share in the property of the estate of the other as a result of the marital relationship, including, without limitation, dower, curtesy, right to equitable distribution under **N.J.S.A. 2A: 34-23**, statutory allowance, widow's allowance homestead rights, right to take intestacy, right to take against the will of the other's estate.

## 19. INTRODUCTION OF THIS DOCUMENT INTO A MATRIMONIAL ACTION:

This Property Settlement Agreement can be introduced into evidence and will be incorporated into the Judgment of Divorce that was entered on June 13th 2016 before the Hon. Bradford M. Bury, J.S.C.. This Property Settlement Agreement shall not merge in such judgment, but shall survive judgment.

## 20. ADVICE OF COUNSEL:

Both parties having the opportunity to secure the advice of independent counsel, Plaintiff-Wife has been represented by Timothy J. Dey, Esq., and Defendant-Husband has been represented by Gary A. Blaustein, Esq., are satisfied that they have been able to reach a fair and equitable resolution of all matters related to the dissolution of their marriage.

The parties have also taken advantage at times of the opportunity to negotiate directly with each other without the aid of counsel.

**IN WITNESS WHEREOF** the parties hereto have hereunto affixed their hands and seals on the dates below.

_____  _____
Michele L. Ackerman, Plaintiff   Michael W. Ackerman, Defendant

DATED: 9-6-16              DATED: 8-22-16

Kristen Anne Breault  9/6/16

KRISTEN ANNE BREAULT
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JANUARY 31, 2017

_____  _____
Timothy J. Dey, Esq.          Gary A. Blaustein, Esq.
Attorney for Plaintiff         Attorney for Defendant

DATED: 9/12/16             DATED: 8/22/16