# EXHIBIT H
Civil Action No. 1:21-cv-2084

```
                          SUPERIOR COURT OF NEW JERSEY
                          SOMERSET COUNTY
                          CHANCERY DIVISION, FAMILY PART
                          DOCKET NO. FM-18-000704-15
                          APP. DIV. NO.

MICHELE L. ACKERMAN,      )
                          )
      Plaintiff,          )
                          )         TRANSCRIPT
   vs.                    )             of
                          )     ORDER TO SHOW CAUSE
MICHAEL W. ACKERMAN,      )
                          )
      Defendant.          )

                          Place:  Somerset County
                                  (Heard Via Zoom)

                          Date:   September 17, 2021
```

BEFORE:

  HONORABLE JONATHAN W. ROMANKOW, J.S.C.

TRANSCRIPT ORDERED BY:

  MICHELE L. ACKERMAN (54 Pilot Lane, Staten Island, New York 10309)

APPEARANCES:

  TIMOTHY J. DEY, ESQ.
  (Law Office of Timothy J. Dey, Esq.)
  Attorney for the Plaintiff

  GARY BLAUSTEIN, ESQ.
  (Gary Blaustein, Esq.)
  Attorney for the Defendant

Transcriber Beverly Arato
ELITE TRANSCRIPTS, INC.
14 Boonton Avenue
Butler, NJ  07405
(973) 283-0196
Audio Recorded
Operator, Rosanne Asero

2

INDEX

| | Page |
|---|---|
| ARGUMENT | |
| By: Mr. Blaustein | 5, 9 |
| By: Mr. Dey | 7 |
| THE COURT | |
| Order | 12 |

3

Ackerman vs. Ackerman

1  THE COURT: All right. Good morning,
2  everybody. Um, we're on the record. This is the
3  matter of, uh, MICHELE L. ROILAND, FORMERLY KNOWN --
4  FORMERLY KNOWN AS MICHELE L. ACKERMAN, VS. MICHAEL W.
5  ACKERMAN. It's Docket No. FM-18-704-15. Can I have
6  the appearances of counsel, please?
7  MR. DEY: Good morning, Judge. Tim Dey on
8  behalf of Michele Ackerman you see on the screen.
9  MR. BLAUSTEIN: Gary Blaustein appearing on
10 behalf of Michael Ackerman. He is not present, Your
11 Honor.
12 THE COURT: Okay. Good morning, uh, to you
13 all. Um, all right, we're here on a return date on an
14 order to show cause. Um, the Court entered an order on
15 September 10th, uh, which, um, directed that the
16 parties appear so we can, um, figure out some issues
17 regarding the defendant's request to, uh, uh,
18 essentially modify, I should just say, uh, clarify, uh,
19 issues about, um, two life insurance policies and
20 basically designate, um, a AAA policy as the policy
21 that secures the obligations under the property
22 settlement agreement of the parties, um, and also, uh,
23 confirming that, uh, the defendant can designate
24 whoever he chooses as the beneficiary of, uh, the AAA
25 policy, confirming that the Banner Life Insurance is

```
                                                              4
                     Ackerman vs. Ackerman
 1    not designated the policy providing life insurance
 2    coverage under the -- the PSA, um, and, um, confirming
 3    defendant may change beneficiaries under the Banner
 4    policy to designate whoever he wants, uh, as
 5    beneficiary, beneficiary of that policy.
 6              Um, and I should say des-- I think I said it
 7    but designating the AAA policy in the amount of
 8    $600,000 as the policy providing life insurance
 9    coverage under the, uh, MSA, with $300,000 designated
10    for the, uh, unemancipated children, the plaintiff as
11    trustee, and $210,000 designated benefit for the
12    plaintiff.
13              All right.  So I received the, um, obviously
14    the initial papers of the defendant.  I received, uh,
15    yesterday, I should say a day late, a Certification,
16    um, of the plaintiff, um, and bear with me one second,
17    okay, and so, uh, I didn't -- obviously we didn't have
18    enough time to get a response from the defendant, which
19    is fine, uh, because I think we'll all address some of
20    these issues or I should say all of these issues this
21    morning.
22              Here's how I'd like to start.  Um, I
23    understand the issues here.  At first blush it appears
24    very simple.  The defendant simply wants to shift, um,
25    what policies, uh, should cover his obligations under
```

Page 5
```
                                                              5
                     Ackerman vs. Ackerman
 1    the MS-- is it MSA or PSA?
 2              MR. DEY:  I don't know why -- why -- why
 3    people -- I don't know.  It was PSA forever, Judge, and
 4    then people started calling it MSA and I'm not quite
 5    sure when and how.
 6              THE COURT:  Let's -- let's say it's the MSA
 7    just for -- just to be, uh, consistent with the -- the
 8    moving papers I guess.
 9              So at first blush it appears all right, well,
10    we just want to have a shift here in, um, in which
11    policy can again, um, uh, secure the obligations for
12    child support and -- and for, um, for alimony.
13              Uh, but I have to say, um, reading the
14    plaintiff's Certification, uh, the Court is very
15    troubled by several things in the -- in this AAA
16    policy.
17              So I think what I'd like to do is let's just
18    start with the defendant, since it's the defendant's
19    application, um, and we'll go from there.  Why -- why
20    don't we just start and let me just hear from defense
21    counsel about, uh, his client's application.
22              MR. BLAUSTEIN:  Your Honor, having, um, read
23    over the plaintiff's Certification and really in my
24    head figuring out here what is the solution here and --
25    and -- and I think it's really what you have is -- is
```

6

Ackerman vs. Ackerman

1  one side said this is simple, I just want to shift it,
2  the other one says hey, Judge, be careful, let's make
3  sure this is not a scam, right?
4         Um, so I think the question is or -- or the
5  -- the answer is, Judge, that, uh, we -- we need to
6  have, uh, AAA confirm in some way, uh, that this is or
7  is not a fit and, uh, I -- I obviously can't do that
8  today.
9         Um, I -- I don't think we need full-blown
10 discovery at this point. Um, if -- if we are able to,
11 after today, uh, able to obtain from AAA, uh, something
12 that satisfies, um, the plaintiff and if not the
13 plaintiff, the Court, that this is legitimate, um, then
14 the problem is solved and I don't think we have to get
15 into anything else, um, because where the rubber hits
16 the road here is very simple, is this a scam or not.
17 That's it.  That's the le-- that's the issue.
18         And, um, he says it's not, she says look, you
19 know, she pointed out some potential inconsistencies.
20 She pointed out that -- that he is a, uh, admitted, uh,
21 fraudster, uh, if you want to use those words.
22         Whether that's relevant here or not, um, it
23 certainly impacts credibility enough for you to take a
24 look at this a little bit differently.  Uh, so the
25 answer is we've got to get AAA to confirm, uh, that

7

Ackerman vs. Ackerman

1  it's legit or not.
2         That's -- that's really it from my point of
3  view, um, because if it is, then it satisfies the
4  requirement and there's no reason not to shift it.
5         THE COURT:  Okay.  Thank you.  Mr. Dey.
6         MR. DEY:  Well, Your Honor, it's pronounced
7  Dey.  Um, --
8         THE COURT:  Mr. Dey, Mr. Dey.
9         MR. DEY:  Nobody gets it - Judge, nobody gets
10 it right, I mean nobody.  So, anyway, um, Mr. Blaustein
11 is essentially correct, the thing is, uh, yeah, we
12 pointed out some inconsistencies, uh, on this one four
13 page.
14         First of all, when you're -- when a -- when a
15 person is obligated to get a 600 or a 500 or whatever
16 policy, you're obligated under MSA, they generally
17 don't go out and get two of them.
18         Now what the plaintiff -- or I'm sorry, what
19 the defendant is representing is that he's gone out and
20 gotten two separate $600,000 policies.  That in and of
21 itself doesn't make sense but let's move past that for
22 a minute.
23         The bottom line is that my client and the
24 children are entitled to the insured's, uh, coverage in
25 the MSA and it -- Mr. Blaustein is correct, his client

8
Ackerman vs. Ackerman
1 is going to have to prove that they have that coverage
2 because it appears to me, uh, use the word the
3 insurance industry, one thing they have no problem
4 writing new, even if you're on death's doorstep, is an
5 accidental death policy, in other words, here's --
6 we'll cover you if you get hit by a bus, we're going to
7 have you write the policy because we don't think that's
8 going to happen.
9 Um, and it appears on this one four-page
10 policy from AAA you've got two different policy
11 numbers. One is on the (indiscernible), uh, no riders
12 whatsoever. On the third page it does and it has ac--
13 it says guaranteed whole life on the first page and
14 then when you get down to the third page you -- now you
15 have a rider and a travel accident endorsement for
16 $600,000.
17 It appears -- Judge, this is something I
18 would like to be wrong about, okay, I want to be wrong,
19 uh, but we all agree that the $600,000 coverage is
20 mandated in the MSA and, uh, uh, Mr. Blaustein, forgive
21 me, but, uh, Mr. Ackerman has not demonstrated, uh, a
22 high degree of shall we say honesty throughout and it
23 looks to me like he's got an accidental death policy
24 that he's trying to pass off as the unlikely second
25 life insurance policy so that he can cancel the

Page 9

9
Ackerman vs. Ackerman
1 legitimate one.
2 So, um, I would say the ball is in, uh, the
3 defendant's court to prove that this $600,000 life
4 insurance is going to be there for my client and her
5 children.
6 THE COURT: Okay. Mr. Blaustein, any
7 response to that?
8 MR. BLAUSTEIN: I think he kind of just said
9 what I said, uh, that it's either a scam or it's not,
10 um, and that we need to find out. Um, I -- I -- you
11 know, I don't know why a policy would say on it a whole
12 life policy in one spot or life and accidental death in
13 the other.
14 Um, you know, there's a cover sheet that
15 shows that there's two life insurance policies in
16 effect, he names beneficiaries, so, you know, --
17 THE COURT: Yeah.
18 MR. BLAUSTEIN: -- why -- why did he do that?
19 I don't know but he did. And -- and -- and it's AAA.
20 It's a legit policy and it has the coverage. Then it
21 seems to me he should be able to shift it in order to
22 access the accidental -- I mean, the, uh, advance death
23 benefit, uh, that is available under the Banner policy.
24 THE COURT: Okay. It seems like we all agree
25 here so -- so, uh, I think we should do that so, um, I

10

Ackerman vs. Ackerman

would just ask that, uh, Mr. Blaustein, you secure, um, whatever documentation necessary to -- from AAA, certified copies or however you want to do it, uh, to prove this is an active policy and that the terms are clearly, uh, set forth because frankly, from looking -- just looking at what is submitted, I highly doubt that AAA is going to come back and give us the same documents.

I just -- you know, call me skeptical. I don't know. And I hope I'm wrong, too. But obviously we'll all find out. So, Mr. Blaustein, if you could -- if you could, um, secure the documents from AAA, provide them to the Court and to Mr. Dey, we can go from there.

Uh, it's a matter of how -- you know, how -- how long do you need to do that. How long, you know, when do the parties want to come back on this?

MR. BLAUSTEIN: I -- I am -- I noted to the Court in an e-mail I'm prepping and I have three days of trial next week in Union County before Judge Brown, uh, three days of trial the following week in Middlesex, um, so I've got a little time at the end of the week but, uh, you know, I'm going to need a couple of weeks.

I want to do this quickly because of my

Page 11

11

Ackerman vs. Ackerman

client's condition. My head is to get on the phone with them and the client. Um, I would -- I would ask for -- for two weeks at least.

THE COURT: All right. Mr. Dey, any objection to a few weeks? I mean, it's going to take some time.

MR. DEY: Uh, you want to make it for October 8th? Is that what you're saying?

MR. BLAUSTEIN: Uh, I'll be in Sarasota but I've already got another thing that morning so I'm fine. Uh, --

THE COURT: Make it -- look, I just want to make sure --

MR. DEY: I -- I can do --

THE COURT: -- he has some time to get all of this stuff.

MR. BLAUSTEIN: Oh, how about if we try to get it by the 8th, we'll let you know by the 8th, and if we need another hearing we can set that up?

THE COURT: All right. Why don't do that. We'll kind of -- we'll put down the 8th as a control date. You know, we'll just -- we won't have a --

MR. BLAUSTEIN: Yes.

THE COURT: We won't have a -- you know, we won't have a -- it won't be a return date, it's just a

                                                                    12
                        Ackerman vs. Ackerman
1    deadline to advise the Court by -- by October 8th
2    what's going on and then we'll go from there.  We'll
3    see if we need to come in again.
4              MR. DEY:  Okay.  And the -- the Banner is
5    going to stay in place until Gary can get that
6    information, right?
7              THE COURT:  Uh, yes.
8              MR. BLAUSTEIN:  Okay.  That will be reflected
9    in the order that --
10             THE COURT:  I'm sorry, wait, hold on, what's
11   going to stay in place?
12             MR. DEY:  In other words, yeah, there's not
13   going to be any cancellation of any insurance
14   coverage --
15             THE COURT:  Right.
16             MR. DEY:  -- until then?
17             THE COURT:  Right.  I mean, yeah, exactly.
18   So, um, yeah, no, clearly no.  Um, so yeah, we can have
19   an order to that effect.
20             Um, Mr. Blaustein -- Blaustein, you can
21   submit an order with that in there.  Um, I mean, I -- I
22   guess we do need an order, just to be safe, I mean,
23   yeah, yeah, we'll have an order just to make sure
24   nothing changes.  It shouldn't be.  It shouldn't be too
25   complicated.

                                                                    13
                        Ackerman vs. Ackerman
1              And that's -- that's fine and we'll -- we'll
2    figure it out one way or another, all right.  Um, --
3              MR. BLAUSTEIN:  Judge, just to make sure, I'm
4    going to obtain documents from AAA, --
5              THE COURT:  Right, --
6              MR. BLAUSTEIN:  -- uh, --
7              THE COURT:  -- cert-- certified blue ribbon,
8    blue ribbon, however you want to term it.
9              MR. BLAUSTEIN:  By 10/8 --
10             THE COURT:  And I --
11             MR. BLAUSTEIN:  -- and that Banner policy to
12   remain status quo pending, uh, further order of the
13   Court.
14             THE COURT:  Right.  That sounds good.  And by
15   the way, if you could, um, I mean, obviously if, uh,
16   no, never mind.  No, that's fine.  That's enough.
17             MR. BLAUSTEIN:  Yeah.  I mean, obviously if I
18   get on the phone with Banner and -- no, not Banner, You
19   know, Judge, I know we're on the record but obviously
20   if -- if, um, my phone call with AAA confirms that this
21   is a scam, there will be a withdrawal of this
22   application, okay.
23             THE COURT:  I would hope so.
24             MR. BLAUSTEIN:  I would -- I would -- I would
25   think that that would be appropriate.  I mean, --

14

```
                     Ackerman vs. Ackerman
 1             THE COURT: Sure.
 2             MR. BLAUSTEIN: -- I have been practicing
 3   before.
 4             THE COURT: Very good.
 5             MR. DEY: Thank you.
 6             THE COURT: All right. That's fine. All
 7   right. Great. Any other issues before we wrap up?
 8             MR. BLAUSTEIN: No.
 9             THE COURT: Okay. Mr. Dey?
10             MR. DEY: No.
11             MR. BLAUSTEIN: This is exactly what I
12   thought would happen, so we're all on the same page.
13             THE COURT: Very good.
14             MR. BLAUSTEIN: Thank you.
15             THE COURT: Excellent. Okay. Well, thank
16   you, everyone, thank you, Ms. Ackerman, and, uh, we'll
17   perhaps speak soon.
18             MR. DEY: All right. Thank you, Judge.
19   Thank you, everybody. Take care.
20             THE COURT: Okay. All right. Thank you.
21
22                  (Proceedings Concluded)
23
```

Page 15

15

CERTIFICATION

I, Beverly Arato, the assigned transcriber, do hereby certify that the foregoing transcript of proceedings in Somerset County Superior Court, on September 17, 2021, digitally recorded from 9:31:12 to 9:46:17, is prepared in full compliance with the current transcript format for judicial proceedings and is a true and accurate compressed transcript of the proceedings as recorded to the best of my knowledge and ability.

/s/Beverly Arato                        October 22, 2021

Beverly Arato              AD/T#503
ELITE TRANSCRIPTS, INC.
BUTLER, NEW JERSEY    07405