# EXHIBIT J

Civil Action No. 1:21-cv-2084

# Timothy J. Dey, Esq.
## 222 Route 18 North
## East Brunswick, N.J. 08816

legal@deylawoffice.com

(732) 828-6600
(732) 828-6604 Fax

April 3rd 2021

customerservice@bannerlife.com
Banner Life Insurance
Legal & General America
3275 Bennett Creek Avenue
Fredrick, Maryland 21704

**RE:   Life Insurance Policy No.: 181415457**
**Michael Ackerman Insured**

Dear Sir or Madam,

     I am in receipt of a copy of a letter from Mark Graziani, Esq. dated March 29th 2021 to your office. (I am unaware of Mr. Graziani's relationship to this matter.) Michael Ackerman's obligation under the Superior Court judgment entered on June 13th 2016 **(FM-18-704-15) is** spelled out in the party's property settlement agreement. This obligation is not contested.

     Mr. Ackerman has asked my client several times to permit him to "sell" his policy; she has responded in the negative each time unequivocally. By law there cannot be a lapse in coverage at any time and it is difficult to see how that obligation can be met (without the existing policy) should he seek another policy due to his severe health and legal issues. It should be noted that my client has been paying the premium as is her right under the law.

     As in my previous correspondence I reiterate that Mr. Ackerman cannot cancel, sell, or otherwise discontinue his life insurance policy without my client's approval.

Sincerely,

*Timothy J. Dey*

Timothy J. Dey, Esq.
TJD/jlmJD
***CC: MLR; MG, JD via email only***